DRAKE, Respondent, vs. DRAKE, Appellant.

*April 6—April 26, 1910.*

*Bills and notes: Payment: Burden of proof: Evidence: Authority of*
*agent to receive payment: Husband and wife.*

1. In an action upon a promissory note where the defense is pay-
   ment the burden of proof is upon the defendant.
2. A receipt or release signed by one not shown to have had author-
   ity from the payee of a note is not competent evidence of pay-
   ment.
3. The decision of the trial court that plaintiff's husband, to whom
   defendant claimed to have paid the note in suit, had no author-
   ity to receive such payment, is *held* to be supported by the evi-
   dence.

APPEAL from a judgment of the circuit court for Milwau-
kee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

For the appellant there was a brief signed by *Frank M.*
*Hoyt,* and oral argument by *W. D. Thompson.* They cited
31 Cyc. 1370; *Wheaton v. Trimble,* 145 Mass. 345; *Bartel v.*
*Brown,* 104 Wis. 493, 80 N. W. 801; *Loizeaux v. Fremder,*
123 Wis. 193, 198, 101 N. W. 423; *Crane v. Gruenewald,*
120 N. Y. 274, 24 N. E. 456; *Brown v. La Crosse City G. L.*
*& C. Co.* 21 Wis. 51; *Davenport v. Schram,* 9 Wis. 119;
*Twohy M. Co. v. Estate of McDonald,* 108 Wis. 21, 22, 83
N. W. 1107.

For the respondent there was a brief by *Henry J. Killilea*
and *Rodger M. Trump,* attorneys, and *Thomas H. Dorr,* of
counsel, and oral argument by *Mr. Trump.* They cited, be-
sides other authorities, *Winkelmann v. Brickert,* 102 Wis. 50,
78 N. W. 164; *Bautz v. Adams,* 131 Wis. 152, 111 N. W.
69; *Kohl v. Beach,* 107 Wis. 409, 83 N. W. 657; *Marling v.*
*Nommensen,* 127 Wis. 363, 106 N. W. 844; *McIndoe v.*
*Clarke,* 57 Wis. 165, 15 N. W. 17; *Meyer v. Hafemeister,*
119 Wis. 539, 97 N. W. 165.

TIMLIN, J.   This action was brought on a promissory note
for $1,500 dated October 10, 1899, signed by the defendant

and payable to the plaintiff. The defense was payment. When the case was on trial before the court and a jury and the testimony closed, each party moved for a directed verdict in her favor. Thereupon the court said: "I suppose it is substantially correct that this is a question of fact for the court, and that there is no question of fact to be submitted to the jury." To this both counsel assented. After adjournment and consideration of the evidence the court, delivered an opinion to the effect that the note in question had been delivered to the plaintiff, that there was no evidence of the authority of Eden Drake, the plaintiff's husband, to whom it was claimed payment had been made, to act as the agent for the plaintiff in receiving such payment, and directed a verdict for the plaintiff.

The delivery to the plaintiff is established by the testimony of the plaintiff that the note was delivered to her, that she has it and produces it at the trial, and that she is the payee named in the note. This is neither contradicted nor objected to.

The plaintiff was the second wife of Eden Drake, defendant's son, and was married to him in 1886. They had a family of four children. Plaintiff's husband, Eden Drake, died September 10, 1908, and defendant's husband, his father, died February 21, 1908. Nine hundred dollars of the money loaned by the plaintiff to defendant was money of the plaintiff drawn by her out of the bank for that purpose, $200 otherwise furnished by her, and $400 contributed from her husband, making the $1,500. Plaintiff received the note from her husband and read it and handed it back to him, and either the husband or the plaintiff then put it in a safe in the house in which both kept private papers and to which both had access. Her husband was intrusted with the management of the plaintiff's affairs. In the spring of 1905 the plaintiff's husband was looking for the note, asked the plaintiff if she had seen it, and plaintiff also looked for it then, but could not find it. There was up to this time no

claim that the note had been paid. The plaintiff and her husband had a serious disagreement. Thereafter he went to Dakota and brought an action for divorce, which plaintiff defeated. In September, 1905, plaintiff found the note in this safe among some photographs and spoke to her husband about collecting it. Her husband said that he had collected it, and if plaintiff consented to an absolute divorce he would give her the equivalent of the proceeds of this note. Plaintiff then placed the note in the hands of an attorney for collection. The defendant is unable to testify that she ever paid the note. She produces a receipt signed by her son, plaintiff's husband, dated April 18, 1905, for $1,500 in full for a note given by her to E. W. Drake or to the plaintiff, *Anna B. Drake*. There is some suggestion that defendant's husband may have paid this note. This receipt does not purport to be in behalf of the plaintiff or for her, but merely certifies that plaintiff's husband has received payment in full. A son-in-law of defendant testified to a statement made by plaintiff's husband that the note had been paid and that he was looking for the note to satisfy his mother. The wife of the last-named witness testified that her brother, plaintiff's husband, was in the spring of 1905 searching for this note and said he would write a receipt to make his mother safe. A daughter of plaintiff's husband by his first wife testified to an admission on the part of plaintiff's husband that the note had been paid by defendant's husband, and that the latter wished to give the note back to defendant or her husband, and in case he did not find the note he would write a receipt for the defendant. On rebuttal the plaintiff testified that she never told her husband he might receive money in payment of this note, and never knew prior to September, 1905, anything about her husband settling or attempting to settle with the defendant for this note; that her husband told her about the collection of the note when she told him she would collect the note herself; and that this was in September, and in October following she commenced this action.

The burden of proof was on defendant to establish payment of this note to the plaintiff or her agent having authority to collect. The slight evidence of payment rests upon hearsay and incompetent testimony. This receipt, if otherwise competent, might evidence either payment or an attempted discharge by the son of his mother's liability on the note. In either event, and in order to make the receipt competent evidence, some authority from the payee in the note to collect the note or release the liability thereon must be shown by the defendant. Otherwise the release is not anything more than the unsworn statement of a third party. This authority cannot be inferred from the fact that he was plaintiff's husband, or that he contributed $400 of the amount necessary to make up this note, or from the fact that the note was kept in the common safe. The plaintiff, in an examination preliminary to trial, testified generally that she never collected any interest on the note and did not pay any attention to the interest because she had full confidence in her husband that she would receive it, and that at that time she trusted him with the management of her affairs. This was not made more explicit or followed up, but, on the other hand, the plaintiff testified that she never authorized her husband to collect the note.

There is no competent evidence against the decision of the circuit court, and the judgment must be affirmed.

*By the Court.*—Judgment affirmed.